UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24757

CHEILA GUERRA GIL,

    Plaintiff,

vs.

WIRELESS ONE LLC,
ALI A. ALI, and
WIRELESS ONE MIAMI, LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Cheila Guerra Gil, sues Defendants, Wireless One LLC, Ali A. Ali, and Wireless One Miami, LLC, based on the following good cause:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Cheila Guerra Gil**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203 (e), who earned but did not receive overtime wages calculated at time and one-half times her regular rate of pay for all time spent working over 40 hours per week from Defendants at all times material. Mrs. Guerra consents to participate in this lawsuit.

2. **Defendant, Wireless One LLC**, is a *sui juris* Florida for-profit limited liability corporation with its principal place of business and registered agent in Palm Beach County, Florida, that conducts its for-profit business with multiple storefronts in this Miami-Dade County, Florida, and that employed Plaintiff in Miami-Dade County, Florida, where it paid her.

1

3. **Defendant, Wireless One Miami LLC**, is a *sui juris* Florida for-profit limited liability corporation with its principal place of business and registered agent in Palm Beach County, Florida, that conducts its for-profit business with multiple storefronts in this Miami-Dade County, Florida, and that employed Plaintiff in Miami-Dade County, Florida, where it paid her.

4. **Defendant, Ali A. Ali,** was and is the owner, managing member, and operator of the corporate Defendants. He conducts business in this District, at all times material ran the day-to-day operations of the corporate Defendants, and was responsible for paying Plaintiff's wages.

5. Defendants, Wireless One LLC, Wireless One Miami, LLC, and Ali A. Ali, were Plaintiff, Cheila Guerra's employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d).

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this Miami-Dade County, because Defendants' stores are located in Miami-Dade County, because Defendants paid Plaintiff in Miami-Dade County, and because Plaintiff worked for Defendants in Miami-Dade County.

7. This Court has original jurisdiction over Plaintiff's federal question claims involving 29 U.S.C. §201, *et seq*. and 26 U.S.C. §7434.

### *Background Facts*

8. Defendants have been at all times material engaged in interstate commerce in the course of their marketing and sales of cellular telephones, cellular telephone service agreements, cellular telephone accessories, goods, supplies and products that moved through interstate commerce while using machinery, appliances, computers, tablets, telephones, telephone systems, internet routers, computer cabling, and credit card processing machinery and services which,

2

traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state cellular telephone provider(s) and customers, as well as activation of cellular phone accounts with out-of-state telephone providers (Cricket Wireless) and through out-of-state electronic communications. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 during the three years prior to the filing of the initial Complaint.

9. Defendants regularly employed two or more employees that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce during the three years prior to the filing of the initial Complaint, thus making Defendants' business an enterprise covered under and subject to the Fair Labor Standards Act.

10. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act also applies to Plaintiffs' work for Defendants.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – UNPAID OVERTIME WAGES

Plaintiff, Cheila Guerra Gil, reincorporates and re-alleges paragraphs 1 through 11 as though set forth fully herein and further alleges as follows:

12. Plaintiff worked for Defendants, Wireless One LLC, Wireless One Miami, LLC, and Ali A. Ali, as a sales assistant at several of their cellular telephone stores utilizing cash registers, credit card processing machines, telephones, computers, machinery, materials, and

3

supplies that were provided to her by Defendants and that traveled in interstate commerce prior to her use of the same.

13. Plaintiff also regularly and routinely exchanged out-of-state electronic and telephonic transmissions in the course of the performance of credit checks, cellular phone activations, and processing payments for Defendants' customers.

14. Plaintiff primarily performed inside sales – which involved selling cellular devices, service agreements for those devices, and the activation of those devices – as well as collecting payments.

15. Plaintiff worked for Wireless One LLC from August 2013 to December 31, 2015 for Wireless One Miami, LLC from January 1, 2016 to present, and for Ali A. Ali from August 2013 to present.

16. To the extent that records exist regarding the exact dates of Mrs. Guerra's employment exist, such records are in the exclusive custody of Defendants.

17. Defendants paid a salary of $500.00 for every week of work, regardless of the hours that she worked.

18. Plaintiff and Defendants also agreed that Plaintiff would earn commissions based upon a structured (tiered) commission structure, but her commissions did not exceed 50% of her total compensation.

19. Plaintiff routinely worked anywhere from 50 to 60 hours per week for Defendants.

20. Defendants willfully and intentionally refused to pay Plaintiff overtime wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours worked during the relevant time period.

4

21. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled her to believe that they were not required to pay overtime, and/or they concocted a scheme pursuant to which they deprived her of the overtime pay they earned.

22. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Cheila Guerra Gil, demands the entry of a judgment in her favor and against Defendants, Wireless One LLC, Wireless One Miami, LLC, and Ali A. Ali, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

5

g.  Such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION OF 26 U.S.C. §7434
### (AGAINST WIRELESS ONE LLC AND WIRLESS ONE MIAMI, LLC)

Plaintiff, Cheila Guerra Gil, reincorporates and re-alleges paragraphs 1 through 11 as though set forth fully herein and further alleges as follows:

23. Defendants, Wireless One LLC and Wireless One Miami, LLC, each had an obligation to provide correct information returns to the IRS and to Plaintiff, Cheila Guerra.

24. Defendant, Wireless One LLC, served/filed and/or caused to be served/filed knowingly false annual tax returns for the 2013, 2014, and 2015 calendar years by misclassifying Plaintiff as an independent contractor for the commissions it paid to her, when she clearly was an "employee" when earning commissions while working for this Defendant, and by then failing to properly identify her as an employee in the issuance of a W-2 for her, and by not paying the required employment taxes on her behalf for the commissions it paid to her in calendar years 2013, 2015, and/or 2015.

25. Defendant, Wireless One Miami, LLC, served/filed and/or caused to be served/filed knowingly false annual tax returns for the 2016 calendar years by misclassifying Plaintiff as an independent contractor for the commissions it paid to her, when she clearly was an "employee" when earning commissions while working for this Defendant. It is anticipated that Defendant, Wireless One Miami, LLC, will fail to properly identify her as an employee for the commissions paid to her and so will not include the commissions paid to her on the W-2 to be issued to her for the 2016 calendar year.

26. Defendant, Wireless One LLC, served/filed or caused to be served/filed knowingly false IRS Form 941 quarterly tax returns for the third and fourth quarters of 2013, and

6

for all four quarters of 2014 and 2015 by misclassifying Plaintiff as an independent contractor for the commissions it paid to him in 2013, 2014, and 2015, when she clearly was an employee and then failing to properly pay the required employment taxes on her behalf for all wages (including commissions) paid to her in 2013, 2014, and/or 2015.

27. Defendant, Wireless One Miami, LLC, served/filed or caused to be served/filed knowingly false IRS Form 941 quarterly tax returns for the first, second, and third quarters of 2016, and likely for the fourth quarter of 2016, by misclassifying Plaintiff as an independent contractor for the commissions it paid to her in 2016, when she clearly was an employee and then failing to properly pay the required employment taxes on her behalf for all wages (including commissions) paid to her in 2016.

28. Defendants, Wireless One LLC and Wireless One Miami, LLC, provided paychecks to Plaintiff and are directly responsible for the issuance of paychecks to her, calculations of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of their annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

29. The corporate Defendants classified and paid Plaintiff as an employee for the salary paid to her which they issued her a W-2, and but they also classified and paid her as an independent contractor for the commissions paid her, for which Defendants also issued him a 1099 for 2015.

30. Plaintiff could not have been a W-2 employee for her salary and an independent contractor for which a 1099 should issue solely for the purpose of the payment of commissions she earned from the same Defendants, for the same hours worked, and for the performing same work.

7

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

31.     Plaintiff suffered damages as a result of Defendants' willful provision of false information returns, including the overpayment of taxes as a independent contractor, the failure to receive the require contribution to her taxes by her employers, the lack of a contribution to social security for 2013-2016 for the commissions she received, and the like, as a result of Defendants' intentional and willful acts as described above.

32.     Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Cheila Guerra Gil, demands the entry of a judgment in her favor and against Defendants, Wireless One LLC and Wireless One Miami, LLC, after trial by jury and as follows:

a.      That Plaintiff recover the greater of $5,000 for each fraudulent information return filed by Defendants for each year during the past six (6) years or the damages proximately caused by Defendants' conduct for each year during the past six (6) years;

8

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

b.  That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c.  That Plaintiff recover all interest allowed by law; and

d.  Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 15th day of November, 2016.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:   305.230.4884
Fax:   305.230.4844

*s/Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

9

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com