UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24757-SIMONTON [CONSENT CASE]

CHEILA GUERRA GIL,

    Plaintiff,

vs.

WIRELESS ONE LLC,
ALI A. ALI, and
WIRELESS ONE MIAMI, LLC,

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT
AND TO DISMISS WITH PREJUDICE**

Plaintiff, Cheila Guerra Gil, and Defendants, Wireless One LLC, Wireless One Miami, LLC, and Ali A. Ali ("Defendants"), hereby file this Joint Motion to Approve Settlement and to Dismiss with Prejudice, and state as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's Complaint asserts claims against Defendants for unpaid wages under the Fair Labor Standards Act ("FLSA") and for the statutory penalty for allegedly filing fraudulent information returns under 26 U.S.C. §7434. The case involves disputed liability in that Defendants claimed that Plaintiff was an exempt employee, was paid for the overtime she claimed, that she did not work for the Defendants for a significant period of time claimed, and otherwise denied the material allegations of the Complaint. Following the deposition of the Defendants, the parties reached a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which is being submitted to the Court simultaneously herewith. The amount recovered in the settlement is within the range of what Plaintiff could have recovered had she gone to trial and was successful in light of the risk of a defense verdict. The parties respectfully request the Court's review

and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## MEMORANDUM OF LAW

FLSA claims may be settled, compromised or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss this case with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement with respect to attorneys' fees). Plaintiff and Defendants respectfully submit that the agreed-upon terms of the Settlement Agreement are fair and reasonable in light of the relevant factors. The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement, with the Court reserving jurisdiction for enforcement of the parties' Settlement Agreement for 60 days.

WHEREFORE Plaintiff, Cheila Guerra Gil, and Defendants, Wireless One LLC, Wireless One Miami, LLC, and Ali A. Ali, respectfully request that this Court enter an Order in the form attached as Exhibit A: (i) approving the Settlement Agreement and reserving jurisdiction for 60 days to enforce it; (ii) finding that the Settlement Agreement is a fair and reasonable resolution of this

matter; (iii) dismissing this Action with prejudice; and (iv) any such other and further relief the Court deems equitable and just.

Dated this 13th day of March, 2017.

Respectfully submitted,

| | |
|---|---|
| */s/ Brian H. Pollock, Esq.* | *s/ Kenneth L. Minerley, Esq.* |
| Brian H. Pollock, Esq. | Kenneth L. Minerley, Esq. |
| Florida Bar No. 174742 | Fla. Bar No. 521840 |
| E-mail: brian@fairlawattorney.com | E-mail: ken@minerleyfein.com |
| **FAIRLAW FIRM** | **MINERLEY FEIN, P.A**. |
| 7300 N. Kendall Drive, Suite 450 | 1200 N. Federal Highway, Suite 420 |
| Miami, Florida 33156 | Boca Raton, Florida, 33432 |
| Telephone: (305) 230-4884 | Telephone: 561-362-6699 |
| Facsimile: (305) 230-4844 | Facsimile: 561-447-9884 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |