UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24757-CIV-SIMONTON

CHEILA GUERRA GIL,

    Plaintiff,
vs.

WIRELESS ONE, LLC, *et al.*,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT, DISMISSING CASE WITH PREJUDICE AND CANCELLING SETTLEMENT CONFERENCE

This matter is before the Court upon the Parties' Joint Motion to Approve Settlement and To Dismiss with Prejudice, ECF No. [26]. Pursuant to the consent of the Parties, the Honorable Kathleen M. Williams, United States District Judge, has referred this matter to the undersigned Magistrate Judge for all further proceedings, including trial by jury and entry of final judgment, ECF Nos. [24] [25].

This action involves claims brought by Plaintiff Cheila Guerra Gil against Defendants Wireless One LLC, Ali A. Ali and Wireless One Miami, LLC for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA"), ECF No. [1].[1] The Parties have filed a Joint Motion to Approve Settlement and to Dismiss with Prejudice wherein they request that the Court approve the Settlement Agreement finding that it is a fair and reasonable resolution of this matter, dismiss the case with prejudice and retain jurisdiction for sixty (60) days to enforce the Settlement Agreement, ECF No. [26]. The Parties have submitted the Confidential Settlement Agreement and General

---

[1] The Complaint also alleged a violation of Title 26 U.S.C. § 7434 seeking the statutory penalty for the Defendants' alleged filing of fraudulent information related to the filing of tax returns, ECF No. [1] at 6-8. The Court need not pass upon the fairness of the settlement related to that Count.

Release to the undersigned for review.  The Settlement Agreement sets forth the details of the settlement including the amount and terms of payment and provides that the Court shall retain jurisdiction for sixty (60) days to enforce the Agreement.

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." *Id.*  The district court may approve the settlement in order to promote the policy of encouraging settlements of litigation. *Id.* at 1354.

The undersigned has reviewed the record and the Settlement Agreement and General Release submitted by the Parties and finds that the settlement reached, including attorneys' fees and costs, is a fair and reasonable resolution of the Parties' bona fide dispute.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Settlement Agreement and General Release is **APPROVED**, and the Parties' Joint Motion to Approve Settlement and to Dismiss with Prejudice, ECF No. [26] is **GRANTED**.  The action is **DISMISSED** with prejudice and the Court retains jurisdiction to enforce the terms of the Settlement Agreement through May 15, 2017.  It is further

**ORDERED AND ADJUDGED** that this case is closed, all pending motions are denied as moot, and the Settlement Conference set for March 16, 2017, is hereby

**cancelled.**

**DONE AND ORDERED** in chambers at Miami, Florida, on March 17, 2017.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies provided via CM/ECF to:

All counsel of record